Call the next case please. 3-0-8-1-0-2-5 Chief of the State of Illinois, Cross-Employee by Gary Genedevich v. Peterson Employee, Cross-Employee by Andrew Mr. Genedevich and you're going to take care of the time so that I'll group it up. Thanks. Mr. Genedevich. May it please the court, counsel. The appeal this afternoon in this case basically addresses or deals from the dismissal of an unlawful use of weapons charge against a defendant as a discovery sanction when the state refused to take and comply with the discovery order issued by the trial judge. The state was required to turn over any and all documents or reports that were used or relied upon by the state in determining whether or not to bring the UUW charge against the defendant. The basis for the state's refusal was the fact that the trial judge heard in finding that the defendant had stated, alleged, if you will, a colorable claim or a prima facie case that the initiation of the UUW charge, the finding of that charge, satisfied the elements for vindictive prosecution. Basically, in order for... What's unusual about this case is the fact that most of the precedent that addresses or that deals with vindictive and or selective prosecution, which was another aspect of the defense motion to dismiss in this case, is the fact that, at least with vindictive prosecution, most of the cases occur after there has been, let's say, a guilty plea, defendant appeals, or defendant moves to withdraw the guilty plea and the guilty plea is withdrawn, and then the prosecutor then files additional, maybe more severe charges or a situation where there might have been a conviction, an appeal, a reversal and a remand, and then there was a filing of additional, more severe charges. In this case, what is unusual is the fact that the defendant is contesting the ability of the state to even file a charge to begin with. There's been no adjudication, no guilty plea, no nothing. This was simply the filing of a charge of unlawful use of weapons for the possession of a firearm with a barrel less than 16 inches in length. So, in a very unique way, this is really a case of first impression in this state as to how the prosecutor's judgment and prosecutorial discretion and constitutional authority in filing and bringing charges is going to be handled. Counsel, isn't there a presumption that when the prosecutor's decision to charge is lawful, in this context, in a pretrial context? Yes, good one. So, in order to show a colorable claim that there's some form of vindictiveness, doesn't the defense have to overcome that presumption with some evidence? I would certainly think that would be the situation, Your Honor. Goodwin was a case, United States Supreme Court case, in which defendant claimed vindictive prosecution in a pretrial setting in that the additional felony charges were filed after he had requested his right to a jury trial. And the court in that case, in dealing with the fact of prior precedent where you have a vindictive claim being made after a conviction, and therefore what the presumption is in that situation, is there's a presumption of prosecutorial vindictiveness that the state has to overcome. But in Goodwin they said that presumption doesn't apply. In fact, we have to be careful because the timing of the prosecutor's action in a pretrial situation is not warranted. A presumption of vindictiveness is not warranted because of the fact that it's presumed that a charge is properly filed, plus the prosecutor has to have, leeway, has to have the discretion within which to take and make a determination on when and what to charge. So, what has been our contention all along is that in this case, defendant had to come up with factual allegations that for vindictive prosecution there was an animus on the part of the prosecutor. Either that some sort of self-indication or some reason that the prosecutor held an animus toward the defendant. As well as the fact that there had to be an allegation that absent that animus on behalf of the prosecutor, of the state's attorney, that the charge would not have been filed. Those are the basic elements of vindictive prosecution. And at the very least, there has to be some sort of allegation in the motion to establish a culpable claim with respect to both elements. In this case,  and that was argued in an appeal was this timeline. And frankly, the timeline doesn't show anything with respect to either element. It simply shows what was happening, what was going on, and when this charge was filed. The timing of the filing of the charge in this case, the pretrial case, is not conclusive, determinative, or have any effect whatsoever on whether or not this case was vindictive. Timing is not a fact. So, under the facts in this case, because defendant has not even come close to alleging what is necessary to take an established animus, or the fact that without that animus, this charge would never have been brought, the trial judge's determination to allow discovery in this case was wrong. The state, in order to contest that finding, in order to contest that, the proper way of doing that is exactly what has happened here. The trial judge ended up dismissing the case. And we claim that the order for discovery in this case was wrong. Therefore, because that order is wrong, the dismissal is wrong as a sanction. And defendant, at this point, is not entitled to any additional discovery above and beyond what is provided for by the Supreme Court rules. Getting to your point that you've made about the timeline, was that the only basis for vindictiveness that the defense seemed to raise? As far as I'm able to figure out from the record of the argument of appeal, that's it. Didn't the trial court make specific findings that he had considered timelines, and then went on to state that he's not making any ruling as of today, the state is pursuing this in retaliation for an exercise of a protected right, and then the court specifically said, or that there is an animus by the prosecutors or any other agency. Those findings seem to contradict the order for the discovery. When the judge says that I've considered timing, and I'm not considering the animus. So help me find or discern the basis for the court's ordering of discovery here. I think, and... I want to say that in the record, there was a comment that was made, somewhere in the record, where the trial judge indicated, well, to a certain extent, we have to let them find out if there's anything here. Now, what that is saying to me is, or what the trial judge may very well have been saying, because the ruling that I have, that I quoted in my reply brief, indicates that he's reviewed the timeline, he's reviewed the information that's been provided by the parties. Again, this court is not making any ruling that they caused or can use as a defense. This court is not making any ruling, as of today, that the state is pursuing this prosecution in retaliation for the exercise of a protected right, or that there is any animus by the prosecutors or by agencies of the prosecution that has been established. But given what I know at this point, I'm going to allow discovery on that particular issue. I look at it in two ways. One, he's allowing discovery, even though he really hasn't made the necessary findings that the pleadings have properly alleged the two elements, which he clearly indicates here, at least by the one, the animus, on behalf of the prosecution. So, he doesn't make that finding. I think what he was getting at, or what he was ostensibly maybe trying to do, was say, well, in order for them to be able to do this, they have to have someone in discovery to take and find out what it is. Well, the problem is, and there is a case decided by the defense, and what it indicates is, is the fact that in order to be entitled to discovery, this is, I think, a Hydeck case, a Hydeck case. In order to be entitled to discovery, you have to make the culpable claim first. You can't use the discovery to make the culpable claim. And that's what I think the trial judge in this case did. What the trial judge here did... Well, doesn't it boil down to Supreme Court rules that control discovery? I think it's 4.1.12, but I could be wrong. There's mandatory discovery if it's a defense, and there's discretionary discovery if it doesn't necessarily relate to a defense. Have you found any Illinois cases that says vindictive prosecution is an affirmative defense? No, I have not. And in fact, I think to a large extent, I think vindictive prosecution, because of the fact that it is... Vindictive prosecution is a question of law. There's no question of fact really involved in there, per se. It's a question of based on the prosecutor's actions and conduct and whether or not it's... When it occurs, is there a presumption of vindictiveness? Has there been a showing, a sufficient showing that what the prosecution has done here is in retaliation for what the defendant has done by exercising his constitutional rights, etc.? That is a question of law. If the defendant establishes vindictive prosecution, or for that matter, selective prosecution, the case has to be dismissed. It never gets to the jury. An affirmative defense... Regardless of the showing of guilt or innocence. Regardless of the showing of guilt or innocence, basically, it gets dismissed. An affirmative defense... The affirmative defenses in Illinois are what? Intoxication, insanity, self-defense. These are affirmative defenses that are raised and have to be pleaded, proved, and a fact-finder has to make a factual determination. This is one of my... My initial argument in this case was this motion, the selective prosecution, really doesn't fit within the parameters of a quote-unquote affirmative defense. So there's no automatic right to any kind of discovery of this, which is the reason why defense counsel, to begin with, filed the motion for discovery with the trial judge in the first instance, requesting additional discovery above and beyond what is required by Rule 412. So under the circumstances, I think that the trial judge, by not making the findings that he said he wasn't making, clearly indicates that there is no allegation there. But yet he orders discovery. Only thing I can think of as to why is simply because of the fact that he believed that in order for a defendant, in order to be able to make their case, they can have the discovery. Well, before the defendant is entitled to discovery, even under the cases cited by the defendant, first has to have proper pleadings. Counsel, you have two minutes. Thank you. And in this case, that has not been done. And there's no showing whatsoever in this timeline that any of the five factors that they set forth in their own brief, none of those five factors indicate any animus on the part of the prosecution, nor does it indicate anything whatsoever that absent that animus, this charge would not have been filed. And I think that under the circumstances, the trial judge's finding in order of discovery is error because of a lack of a proper pleading, and I think that that decision has to be reversed, the dismissal has to be reversed, and this case should then proceed in accordance with normal course. Let me just ask you real quickly, and that is about the dismissal sanction versus a finding of contempt. If there's a contempt finding, it seems that normally trial judges hold the person in contempt and say, okay, now I can appeal, test your order, and then you come back, and let's say the appellate court affirms the trial court, then on remand, the contemnor can say, well, I got a choice. I can either say I'm not going to produce this stuff, in which case I will get dismissed, or I can change my mind and think I want to proceed, so comply, as opposed to a dismissal order. It's an all or nothing situation, basically. So, and there's no, and if the order is upheld on appeal, the case is dismissed, the contemnor has no opportunity to go back. That would be correct. So I'm wondering, what's your position on this sanction, the contempt sanction, the dismissal versus a contempt citation? I cannot state anything as to why this particular sanction was, if one were to take a look at the defendant's brief, because some of this stuff that was provided for is indicated in chambers' conferences, of which there's no record, of which I have no record, and of course I am not privy to. So I do not know what went on in chambers. I do not know why this particular sanction, if it was indeed one that was suggested by the state as to the sanction to be imposed, why they decided to put all their eggs in one basket. That, I just, I can't answer that. But the record's there, isn't it? Pardon me? What happened in chambers is there. It's just sealed. Well, it's sealed, but I don't have, you know, I don't have access to it. I have not seen anything, so that's the reason why I... Well, the judge went on and said, gee, this prosecutor, he's a good guy. He always comes in, so I'm not going to hold him in contempt. Like, he's doing him a favor. Like, he just doesn't quite understand. You're doing him a favor to hold him in contempt, and that's the way we contest discovery orders in the state. Well, a lot of times, I mean, there are some cases, and what I did is I did some research today, and I did find some cases in which charges were in fact dismissed as a discovery violation, although I do realize in many of the situations the individual who refuses to comply is held in contempt, and that's the way it normally goes. But quite frankly and quite honestly, not being privy to discussions in chambers and not having access to any record, I honestly cannot intelligently respond to your inquiry, Judge. Thank you. Okay, thank you. Thank you, Mr. Gennady. Mr. Abood. Good afternoon. Go, counsel. Briefly, my opposing counsel indicates that this case is somehow unique, and he outlines sort of how these cases typically come before the court or are addressed at the trial court level on a vindictive or selective prosecution, and maybe he's right. Maybe you do need sort of what we'll call a parallel case, but that's what this case had. This case had a parallel case, and that parallel case was our motion on behalf of our client in front of the trial judge to have his property returned, and his assertion under the Fourth Amendment that they couldn't just seize his property and keep it. It wasn't evidentiary here, and Judge Chainstead made a ruling of constitutional magnitude that quite frankly was not appealed and said return his property. And when and ultimately that decision was made and going to be enforced in May of 2008. Was the rifle, the short-barreled rifle or gun, something that you sought to have returned? The rifle that's the subject of this charge was not, but the quote in the paper by their PR person said, we have to make this charge because we can't have this unlawful weapon. They thought it was part of our motion, but it wasn't. And that rifle had never been seized. That was surrendered. It was surrendered by another police officer who possessed it when he turned it over who was not charged. Under the same facts, they charged our client with unlawful possession of a firearm. They didn't charge the officer who turned the gun over. Police officers possess contraband every day, and they turn it into the court without getting charged. Police officers pick up contraband and illegal objects every day of their career. That's what they do. And they bring it in and say, here, look what I found. Look what I've got. So what's unusual about a police officer turning over contraband to a prosecutor? And not being charged. They're never charged. You're 100% right. What's unusual is that they charged my client, who was a police officer. That's what's unusual. Under LEOSA, he's entitled to possess this gun. He's entitled, under the federal statute, to possess a gun. And there would have been proof. We expected to show proof that everybody knew that he possessed this gun. That, in fact, he took it to training. That he was qualified and certified with this gun. That nobody made a big deal about it until he asserted his rights to get his property back. And that's when this became an issue. And so when the court asked, where's the animus? And Judge Shainstat was familiar with all this. I think that those are some of the facts that we set forth in our motion and that he relied on. And what he ruled... But we're limited to his fact findings. And his findings of fact are... I'm not finding there's any animus. Any animus. So how do we get around that? Well, understand procedurally. We can look from the back, looking back. But procedurally, this is... That's all we can do every time. Right. But this is the thing about it. Anytime you raise a selective or vindictive defense, you have to attempt to get the... Why do you call it a defense? I know you put that label on it in the trial court. Are you aware of any case from any state that labels vindictive prosecution as a defense? Well, I think Fields does. The case we cited, Fields. And I think the cases in Illinois recognize that. As an affirmative defense? Yes. Do you consider a violation of speedy trial an affirmative defense? It's a defense. It would negate the ability of the government to go forward. It truncates the ability of the prosecution to go forward, but it has nothing to do with guilt or innocence. There is a U.S. Supreme Court case on point that specifically says vindictive prosecution or selective prosecution is not an affirmative defense. Did you read that case? I've read all the cases, but I think that the most compelling case that I would cite the court to is Fields. United States v. Armstrong, 517 U.S. 456, where the U.S. Supreme Court says sometimes people claim selective or vindictive prosecution to get at the prosecutor's work product and that's not the proper procedure. So we have to be very mindful and careful when examining this. And the Supreme Court pronounced selective prosecution is not an affirmative defense. I'm not sure that that would be binding on the state of Illinois. The state of Illinois can recognize any defense they want, and it would be up to the... Have you read that case? Have I? I've read the cases. Have you read U.S. v. Armstrong? I've read all the cases on this. It's been some time where, whether I can pull that case out and cite the facts or give you the citation, I probably can't. But we're relying on state law. Okay, tell me why, then, you think vindictive prosecution qualifies as an affirmative defense. I think like self-defense, like self-defense, like insanity, like immunity, it's a defense that even though all the elements of the offense may have been committed, the defense negates the charge. Well, do they? I mean, look, here in Illinois, and I suppose most states do this. Like entrapment. You've got small... You have sometimes, not referring to your client, but career criminals. And so the guys in front of these prosecutors, the prosecutor's charge at the time, sometimes he wins, sometimes he loses. And so he comes in and says, well, this prosecutor doesn't like me. I want to see all his work product and stuff because this is vindictive prosecution. I mean, isn't that fair to say? I mean, very few prosecutors are just wild about any of the people they prosecute. Isn't that fair? Well, I'm sure, given their position, that they probably aren't. I don't think that's the issue in this case. And I don't think that's the facts, but the fact is that until this case is in the state of Illinois, like fields have been overturned, as far as I know, it's still valid law. And even my opposing counsel hasn't argued that it's not valid law. And unless this court wants to make new law, that's the law of this state. Well, we're not bound... Wasn't that an appellate court decision? Yes. We're not bound by decisions, other decisions of the appellate court. Okay. The trial courts are, we're not. Right. Unless the court doesn't want to follow the field's decision, which I think is rightfully decided. Now, what the issue in... The other issue that I wanted to talk about in this case is, even if the court... The issue before the court was our request for discovery. It wasn't whether we could make a prima facie case. It wasn't whether we had properly fled the argument, and it wasn't whether we were there to present evidence. We were asking for discovery. Now, the court can make a ruling on that, yay or nay. What the court did, and what we claimed on our cross-appeal, is that it erred in going a step too far and saying, I'm going to deny you the opportunity to present selective prosecution. It was always our position, regardless of what his ruling was, on the discovery issue, to then, at a subsequent hearing, attempt to present and meet the threshold that we would have needed to meet to establish the defenses. We were never given that opportunity on selective prosecution. He did say, and when you read the quote that my opposing counsel cited, he basically says, I'm not making a decision on this now, but I think I've seen enough to grant discovery. I'm vindictive. We think he erred on the selective side of it. We think he was appropriate on vindictive. I think the facts of this case... Do you consider that a final ruling or an order that's final sufficient to allow you to appeal that? Well, part of it was in our favor, and then the case was dismissed and we filed a cross-appeal. How do we have jurisdiction to consider the cross-appeal? Maybe don't. I mean, obviously, you're familiar with the appellate rules. We felt that it was an adverse ruling in regards to selective prosecution. We think now is the time for the court to address it, as opposed to having us go back and, if the court were to affirm, obviously, Judge Soenstedt, then we wouldn't have an issue. But if it reverses Judge Soenstedt, then we would be back, and I think now is the time to provide Judge Soenstedt with the guidance on that issue, which was a ruling that was against us. I think your perception of the case law and mine is a little bit different. Maybe we just have to disagree then, because I don't think you can raise or appeal rulings such as that until your client's been convicted, until there's a finality to it. This is just a discovery, a pre-trial discovery ruling, and I'm not necessarily certain that you have the right to appeal. Okay. That's fine. I'd be happy to entertain any authority you have on that point. We've cited, in our brief, we briefed it at length. I don't necessarily need to cover that any further. So if you have your position, we've cited it at length. In any event, I think that the problem with this case and what they've argued is that we never presented evidence, but the case wasn't at the stage for us to present evidence. We were trying to gather evidence on a discovery issue. If the judge grants or denies the discovery, we still should have had an opportunity to present evidence. Even if the motion had been denied, we still should have had the right to come forward and have a hearing. The motion that the judge ruled on was simply a motion to compel discovery, and at that motion, he denied our right to select it but granted some discovery. Under those circumstances, I think it's inappropriate for this court to then say, well, you didn't present enough evidence. Well, let me tell you, I'm going to be honest with what my concern is about this and maybe can address it. In the criminal courts here, if this is all it takes to get that kind of discovery, to plead and get discovery, you're going to tie the... It seems to me it allows the ability to tie up the courts on a type of... Or the courts and the prosecution and the defense on stuff that's never happened before in this state. I mean, this is... You agree? I mean, this is pretty much a case of first impression, at least the way it's framed. I understand the concern and what they say to open the doors for the watershed of cases to come through. Generally, those arguments never pan out. And I doubt that you're going to see too many cases like this. This is a unique case that we couldn't find a single case in the state where a police officer was charged under these circumstances with unlawful possession of a weapon. Well, but you're saying somebody's exercised a constitutional right and then they were prosecuted. So the defendant gets arraigned and he walks out of the courthouse with his attorney and said, ah, the prosecutor don't like me. He's a bum. Two days later, the prosecutor charges him. He said, aha, vindictive prosecution. I exercised my First Amendment right to call that bum a bum, and now I'm getting rung up. And now I'm getting prosecuted. What would stop that then? I want his file. Well, I mean, the defendant would have to be able to show that he was exercising a constitutional right. That's pretty easy. Free speech. Nobody would argue about that. And if he could show that that was the reason why, and similarly situated people who had done the same thing had not been charged, had not been charged, then I think that he would. Rarely does that happen. Rarely does that happen. This defense isn't raised very often. I think it was appropriately raised here. I would just like to defer for a minute and discuss Leosa, which we think is on all fours. You don't have time? Okay, I'm sorry, go ahead. We think it's on all fours, and we think the judge erred in not granting Leosa. Now, I understand the court has some question about whether we have the right to raise that at this point. Well, now, you're talking about your cross-appeal? Yes. Which he has to bring up so that Mr. Kennedy can respond. We think that Leosa was on all fours given the stipulation that it applied here that Shonstadt found that it applied, and under the circumstances, we think that it's absolutely appropriate for the court and should have granted that found that Drew Peterson had immunity under those facts. I'll leave the rest to my counsel and rest on my briefs. Okay, thank you, Mr. Boone. Mr. Genetovic? Mr. Kennedy? To carry out my thoughts in the court, this is indeed a case of first impression and one in which, I guess the same open-pen doors box is extremely potential. What came to mind is this thing at the counsel table. Police have probable cause to arrest an individual but don't exercise it. Prosecution has enough evidence to charge an individual but doesn't do so. Rather than police call the defendant in, ask the defendant, would you mind speaking with us about a crime? As the defendant's sitting there, he thinks about it and he says, hmm, you know, I think I'm going to assert my right to silence as well as the fact, you know what, I want to have counsel present. So what has to happen? All questioning has to cease. After that point, defendant is charged with felony. Is that vindictive? He's asserted his constitutional right or rights, okay? And that's the kind of situation and that's the problem that we have with trying to affect pretrial or, I shouldn't say affect, the problem we have in assessing vindictiveness in a pretrial setting, especially in the filing of a charge originally in which there's clearly, unequivocally, probable cause to file the charge. And so that's the reason why it is very dangerous, a very dangerous precedent to set by saying that we're going to allow defendants to get at the work part of the prosecution on simply merely stating, hey, good timing. They filed this after I asserted my constitutional rights. Got to be vindictive. And that's what happened here. And if you, if I truly did understand what appellate counsel for the defendant was saying here, he's basically, he's confirming the fact that they filed the motion for discovery. They wanted to discover the information that they needed in order to be able to articulate or allege a proper vindictive prosecution. And he says, well, but even if we couldn't allege it, we still won't have a hearing on it. Wait a minute. You can't have a hearing on it, okay, unless you establish a prima facie case in your pleadings based on if you are entitled to the, after you get discovery, and if you learn, you have to establish the prima facie case in your pleading that there was animus, and without the animus, there wouldn't have been a filing. They can't do that here. There was simply, it was simply an avenue to try to go out and to get discovery on all kinds of facts potentially totally unrelated to this charge. So I think that under the circumstances of this case, and by the argument here, I think it's clear that their pleading in no way, shape, or form came anywhere close to alleging even a colorable claim, and in the Heideck case, the federal court said, and I quote, therefore for claims of indicative prosecution, we will adopt the same standard as is used for selective prosecution claims. To compel discovery on a defense of indicative prosecution, the defendant must show a colorable basis for the claim. A colorable basis is some evidence tending to show the essential elements of the claim. Thus the defendant's claim of indicative prosecution must rise beyond the level of unsupported allegations. End of quote. What we have here are unsupported allegations, nothing even close to alleging any kind of facts to support this. The only other point that I wish to make addresses with respect to the cross appeal is simply the fact that this court does not have jurisdiction. This court does not have jurisdiction because the state in this case, the state can only appeal as provided by Supreme Court Rule 604A. The substantive effect of the order here obviously was to dismiss this charge. We are entitled to appeal all dismissals of charges. What the defendant has done in their brief is they've attempted to say, well wait a second, the state's appeal isn't interlocutory because this was a dismissal with prejudice and it sets the rights of the parties, et cetera, et cetera, et cetera. That's fine, it does. And normally, except for Supreme Court Rule 604A, we wouldn't be able to appeal that. Thank you. But we can. What is important here is not whether or not the order on the state is interlocutory, it's the orders that they're appealing. Are they interlocutory? And each one of the orders that they are contesting here, the leosa, the selective dismissal, the selective prosecution dismissal, and the failure to change venue, those are all normally, and all are considered, interlocutory appeals as I stated in my brief. As a result, this court gains no, basically the defendant can do indirectly what he couldn't do directly. If you lose on your appeal, it's moved. That's right, it's over. If you win, it's interlocutory. Exactly. And so at that point, it doesn't really make any difference. But they can't, by way of a cross appeal, and the court, by way of a cross appeal, cannot obtain that which you couldn't get by direct appeal. And since they cannot directly appeal it, they cannot cross appeal it at this stage. Thank you very much. Thank you, Your Honor. Thank you, Mr. Genetovic. Mr. Bradsky, are you going to... The concern here about Pandora's Box, I think is not well taken. The situation here is unique. And there's much more here than a simple timeline. Okay, now wait a minute. Just so we're clear, right now you're limited to your argument on your cross appeal. Oh, I didn't know that. I was responding to what counsel had argued, but... No, only the cross appeal. Well, anyway, we're talking about jurisdiction. Look, I get confused by this. Don't feel bad, but I get confused by these cross appeals, too. So don't get confused with that. Apparently so. But in any event, we're talking about the cross appeal, we're talking about jurisdiction, we're talking about final orders. If you remember, in the criminal aspect, the reason for the cross appeal, at least as far as Leosa goes, is kind of unique. Because in criminal cases, we don't get many motions to dismiss based on immunity. And that's what Leosa was. It was, we were saying that Mr. Peterson was immune under federal law. He had immunity from prosecution. And we asserted that immunity. And we asked for an evidentiary hearing on that immunity. And the judge ruled that out of the five elements that we needed, he was certain on four of them and was kind of unsure on the five, but we believe that based on the evidentiary record that we established, that all five pieces of the elements of Leosa, the Law Enforcement Officer Safety Act, were met. That being, Mr. Peterson is immune from prosecution for what he is charged with by federal law, by an act of Congress. If he's immune, he should never be prosecuted. The only way to bring that to this court's attention, we shouldn't even get, in other words, we should not even be arguing about discovery. We shouldn't even be arguing about whether or not there was a culpable claim presented. Whether or not Mr. Pelkey said to this, that we're prosecuting him because he wanted to keep an illegal weapon off the street and all that. And he said that on behalf of his principal. Because Mr. Peterson should never have been prosecuted. He has absolute congressional immunity by an act of law. And therefore, that's what we brought up and that's what our cross-appeal is based upon. And that's, in a criminal, now, and this is an extremely, you don't see much federal immunity in criminal cases. Look, that's the basis for our cross-appeal. And I certainly understand that. Would you agree with this? Or disagree, feel free to do whatever. Thank you. If, if, but for, okay, the judge makes the immunity ruling that says he's got immunity. Well, and, and then, but, but for this appeal of the discovery section, would you, would you, could you have appealed his ruling on denying your immunity prior to trial? Well, that's the point. He didn't rule either way on immunity. He, he, he did, he was kind of amorphous about that. He said, well, he established out of the five elements he was established for, and I'm really not sure about the fifth because of the case law. And, I'm not, I'm denying your motion, but not without prejudice and we'll, we'll get back to it at the trial. Which is a textbook, you know, a Black's Law dictionary of an interlocutory order, isn't it? Well, it wasn't, I wish it was, you know, it would be, I don't know if you can call it an order. I think it was deferring. A non-order. It was a non-order. It was something. But, then they're proceeding against a man, continuing to proceed discovery, going to put him on trial to make him a felon. And, he's got the immunity and we can't get a ruling on immunity. And, we believe that the record that we established before Judge Shain said, both evidentiary record and the stipulation that the state agreed with, that we, that he wasn't, that he was a qualified officer, he was qualified with the weapon, A, B, C, D, and E. Thank you. All established that he was immune. And, based on this record, he has immunity. And, we're asking this court, on our cross-appeal, to look at this record and say, yes, based on what Judge Stain had beside him, he was immune. He had federal immunity from discharge because he was qualified, he meets the description of what Congress set forth in the Law Enforcement Officer Safety Act. Therefore, none of this is, all of this is, all of this is moot. All of this is irrelevant. He never should, he never should have got past the indictment. He's immune. And, we raised that immunity very early on in the proceedings, almost immediately. Surely, within 30 days of the arraignment. And, we're entitled, basically, to a final decision on this immunity, yea or nay, prior to proceeding any further. And, that's the basis of our cross-appeal. But, the criminal charges were dismissed. Well, the criminal charges were dismissed with prejudice. That is true. But, if that gets revoked, our cross-appeal, I mean, obviously, if this court says, dismissal affirmed, you don't have, you don't have to rule on LEOSA. If the court says, dismissal denied, I mean, dismissal reversed, at least on background, somebody's got to look at this immunity. Because, you're allowing the prosecution to go forward on somebody that has been clothed with a cloaked immunity by U.S. Congress. And, that's what we're getting into in our cross-appeal. And, it's there in the record. We have the stipulation. You have the transcript of that proceeding where the immunity, where we presented our immunity claim to the judge. And, you have his opinion. And, that's what we ask you to rule on. Any questions? Okay. Thank you very much. Thank you, Mr. Grotsky. And, thank all three of you here for your arguments here today. The matter will be taken under advisement,